1
2
3
4
5
6
7

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| LASHANNA GRANT et al, | Case No.  CV 20-09366-PA (GJSx) |
| Plaintiff, | SCHEDULING MEETING OF COUNSEL |
| v. | [FRCP 16, 26(f)] |
| SELF UPGRADE VENTURES LLC et al, | SCHEDULING CONFERENCE set for December 7, 2020, at 10:30 a.m. |
| Defendant. | [FRCP 26(f)] |

17

18      This action has been assigned to the calendar of United States District Judge Percy

19  Anderson.  The responsibility for the progress of litigation in the federal courts falls not only

20  upon the attorneys in the action, but upon the court as well.

21      In order "to secure the just, speedy, and inexpensive determination of every action,"

22  (Fed. R. Civ. P.  1), all counsel are hereby ordered to familiarize themselves with the Federal

23  Rules of Civil Procedure and the Local Rules of the Central District of California.

24      Counsel please note the changes made to former Local Rule 6, now superseded, by

25  Fed. R. Civ. P. 16 and 26(f), effective December 1, 2000.  A Scheduling Conference is set

26  . . . .

27  . . . .

28  . . . .

1   for the date and time set forth in the caption.[1/]   Counsel shall meet at least twenty-one (21)

2   days in advance of the Scheduling Conference to prepare a jointly signed report for the court

3   to be submitted no less than fourteen (14) days before the Scheduling Conference.  The

4   report is to contain the items set forth below.  Pursuant to Fed. R. Civ. P. 16(c), the parties

5   shall be represented by counsel with authority to enter into stipulations regarding all matters

6   pertaining to conduct of the case.

7          The joint report to be submitted shall contain the items listed in Fed. R. Civ. P. 26(f),

8   the parties' recommendations and agreements, if any, about the final scheduling order as

9   listed in Fed. R. Civ. P. 16(b)(1) through (6), and those items listed in Fed. R. Civ. P. 16(c)

10  which counsel believe will be useful to discuss at the Scheduling Conference.  Items which

11  must be listed are the following:

12              (1)     a listing and proposed schedule of written
                        discovery, depositions, and a proposed discovery
13                      cut-off date;

14              (2)     a listing and proposed schedule of law and motion
                        matters, and a proposed dispositive motion cut-off
15                      date;

16              (3)     a statement of what efforts have been made to
                        settle or resolve the case to date and what
17                      settlement procedure is recommended pursuant to
                        Local Rule 16-14.4 (specifically excluding any
18                      statement of the terms discussed);

19              (4)     an estimated length of trial and a proposed date
                        for the Final Pretrial Conference and for Trial;
20
                (5)     a discussion of other parties likely to be added;
21
                (6)     whether trial will be by jury or to the court;
22

23

24  [1/]      Unless there is a likelihood that upon motion by a party the Court would order that

25  any or all discovery is premature, it is advisable for counsel to begin to conduct discovery
    actively before the Scheduling Conference required by Fed. R. Civ. P. 16(b).  At the very

26  least, the parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and
    thereby obtain and produce most of what would be produced in the early stage of discovery,

27  because at the Scheduling Conference the Court will impose tight deadlines to complete

28  discovery.

1    (7)    any other issues affecting the status or
            management of the case; and

2

3    (8)    proposals regarding severance, bifurcation or other
            ordering of proof.

4    In addition, the Scheduling Conference Report shall contain the following:

5    (1)    a short synopsis of the principal issues in the case;

6    (2)    a statement of whether pleadings are likely to be
            amended;

7

8    (3)    a statement as to issues which any party believes
            may be determined by motion.

9    At the Scheduling Conference, the court will set a date for discovery cut-off[2], a final

10   date by which dispositive motions must be set for hearing, a Final Pretrial Conference date,

11   and a trial date.  The parties should also be aware that pursuant to Fed. R. Civ. P. 26(f), no

12   later than fourteen (14) days after the Scheduling Conference, the parties must submit an

13   agreed discovery plan to the court for approval; this subject will be discussed at the

14   Scheduling Conference.  The parties should recommend to the court whether or not the

15   requirement of a discovery plan should be waived.

16   A continuance of the Scheduling Conference will be granted only for good cause.

17   (Counsel are informed that continuance of the Scheduling Conference causes commensurate

18   delay in the trial date.)  **The failure to submit a joint report in advance of the Scheduling**

19   **Conference or the failure to attend the Scheduling Conference may result in the**

20   **dismissal of the action, striking the answer and entering a default, and/or the**

21   **imposition of sanctions**.

22

23

24   [2]    This is not the date by which discovery requests must be served; but the date by
     which all discovery is to be completed.  Any motion challenging the adequacy of discovery

25   responses must be filed timely, served and calendared sufficiently in advance of the
     discovery cutoff date to permit the responses to be obtained before that date, if the motion is

26   granted. The Court requires compliance with Local Rule 37-1 and 37-2 in the  preparation
     and filing of discovery motions.  Except in the case of an extreme emergency which was not

27   created by the lawyer bringing the motion, discovery motions may not be heard on an ex

28   parte basis.

1    A settlement procedure appropriate to the particular case will be used in every civil

2  action pursuant to Local Rule 16-15.1.  In the Scheduling Conference Report, counsel are to

3  recommend a specific settlement procedure provided for in Local Rule 16-15 which will be

4  utilized in this case.  This Court participates in the Court-Directed ADR Program.  <u>See</u>

5  General Order 11-10.  Accordingly, except in extraordinary circumstances, the Court will

6  not refer the parties to the Magistrate Judge assigned to this action to conduct the settlement

7  conference.  As a result, in most instances, the available alternatives for consideration are:

8         ADR Procedure No. 2:

9               The parties shall appear before a neutral selected
                from the Court's Mediation Panel (Local Rule 16-
10              15.4(2); or

11

      ADR Procedure No. 3:
12
                The parties shall participate in a private dispute
13              resolution proceeding (Local Rule 16-15.4(3).

14  The Court does not utilize ADR Procedure No. 1 (Local Rule 16-15.4(1), but the parties are

15  free to seek the Court's approval to engage in an alternative settlement mechanism not listed

16  in Local Rule 16-15.4.

17        The report to the Court as to the above items should be preceded by a thorough and

18  frank discussion among the attorneys for the parties.  A Joint Scheduling Report which does

19  not comply with FRCP 16, 26(f) and this Order may cause continuance of the Scheduling

20  Conference and possible award of sanctions under FRCP 16(f) against the party or parties

21  responsible.

22        Motions shall be filed in accordance with Local Rule 7.  This Court hears motions on

23  **Mondays, commencing at 1:30 p.m.  No supplemental brief shall be filed without prior**

24  **leave of Court**.  No motion shall be noticed for hearing for more than thirty-five (35) days

25  after service of the motion unless otherwise ordered by the Court.  All law and motion

26  matters, except for motions in limine, must be set for hearing (not filing) by the motion

27

28

1  cutoff date).  Adherence to the timing requirements is mandatory for chambers' preparation

2  of motion matters.

3  Counsel should take note of the changes to the Local Rules affecting motion practice

4  in the Central District. Among other things, Local Rule 7-3 requires counsel to engage in a

5  pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion

6  and any potential resolution."  Counsel should discuss the issues sufficiently that if a motion

7  is still necessary, the briefing may be directed to those substantive issues requiring

8  resolution by the Court.  Counsel should resolve minor procedural or other nonsubstantive

9  matters during the conference.

10  **Memoranda of Points and Authorities in support of or in opposition to motions**

11  **shall not exceed 25 pages.  Replies shall not exceed 12 pages.** Only in rare instances and

12  for good cause shown will the Court grant an application to extend these page limitations.

13  **Typeface shall comply with Local Rule 11-3.1.1. NOTE: If Times Roman font is used,**

14  **the size must be no less than 14; if Courier is used, the size must be no less than 12.**

15  Footnotes shall be in typeface no more than one size smaller than text size and shall be used

16  sparingly.  Filings which do not conform to the Local Rules and this Order will not be

17  considered.

18  Counsel are ordered to serve courtesy copies of all electronically filed documents,

19  and conformed courtesy copies of all manually filed documents, to the judge's mail box

20  outside the Clerk's Office on the 4th floor of the 1st Street Courthouse, by 12:00 noon of the

21  business day following filing.  Courtesy copies may be delivered to chambers by either

22  personally delivering them to the judge's mail box or sending them by guaranteed overnight

23  delivery.  If a courtesy copy is sent to chambers by guaranteed overnight delivery, the sender

24  shall notify the delivery service that the signature of the recipient is not required.

25  Each party filing or opposing a motion or seeking the determination of any matter

26  shall file a Proposed Order setting forth the relief or action sought and a brief statement of

27  the rationale for the decision with appropriate citations.  The proposing party shall also

28

1  submit a copy of the Proposed Order to the Court's ECF e-mail address, in WordPerfect

2  format (X9 or earlier versions) or Microsoft Word (Word 365 or earlier versions).

3      Counsel are reminded <u>ex parte</u> applications are solely for extraordinary relief.  <u>See</u>

4  <u>Mission Power Engineering Co. v. Continental Casualty Co.</u>, 883 F. Supp. 488 (C.D. Cal.

5  1995).

6      Counsel for plaintiff shall immediately serve this Order on all parties, including any

7  new parties to the action.

8      IT IS SO ORDERED.

9   Date:  October 15, 2020                     _____

10                         Percy Anderson
                 UNITED STATES DISTRICT JUDGE

11

12  Revised: 4/28/2020

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28