JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 20-09366 PA (GJSx) | Date | October 19, 2020 |
|---|---|---|---|
| Title | Lashanna Grant, et al. v. Self-Upgrade Ventures LLC, et al. | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| G. Garcia | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS

Before the Court is a Notice of Removal filed by defendant Self-Upgrade Ventures, LLC ("Removing Defendant"). Removing Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiffs Lashanna Grant, Steve Hoffer, Timothy Jobe, Sherry Johnson, Deidre Love, Nace Reynolds, Darrell Rodgers, and Juanita Williams ("Plaintiffs") based on this Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Removing Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-09366 PA (GJSx) | Date | October 19, 2020 |
|---|---|---|---|
| Title | Lashanna Grant, et al. v. Self-Upgrade Ventures LLC, et al. | | |

members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

The Notice of Removal alleges that defendant Gotham Club LLC "has been (and is) a New Jersey limited liability company headquartered in New York."  (Notice of Removal¶ 7.) The Notice of Removal further alleges "Gotham Club LLC's sole member is domiciled in New York."  (Id.)  The Notice of Removal does not allege whether Gotham Club LLC's sole member is an individual, corporation, LLC, or some other legal entity.  Thus, the Court cannot determine based on the Notice of Removal whether Gotham Club LLC's citizenship is adequately alleged.

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter, 265 F.3d at 857.  By failing to allege Gotham Club LLC's citizenship, Removing Defendant has failed to establish Gotham Club LLC's citizenship and, therefore, this Court's diversity jurisdiction.

For the foregoing reasons, Removing Defendant has failed to satisfy its burden of showing that diversity jurisdiction exists over this action.  Accordingly, this action is hereby remanded to Los Angeles Superior Court, Case No. 20VECV00652, for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.